UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06- |
| | : | |
| v. | : | VIOLATIONS: |
| | : | 18 U.S.C. § 371 (Conspiracy) |
| CAMILLE YOUNG, | : | 18 U.S.C. § 1956(a)(1)(A)(i) and |
| | | (a)(1)(B)(i) (Money Laundering) |
| Defendant | | |

# INFORMATION

The United States Attorney informs the Court that:

### COUNT ONE – CONSPIRACY

### Introduction

At all times material to this Information:

1. Defendant CAMILLE YOUNG, also known as Vanessa Dash ("Defendant" or "Young"), is a resident of Laurel, Maryland.

2. YOUNG owned and operated a company called Vanessa Dash Enterprises, LLC. ("VDE"). VDE purported to provide escort services in and throughout the Washington, D.C., metropolitan area, including Virginia, Maryland, and the District of Columbia.

3. As part of her escort company, YOUNG registered and operated a website DCHOTGIRLS.com ("DCHOTGIRLS"). YOUNG also maintained a bank account at Bank of America held in the name of Vanessa Dash Enterprises, LLC.

4. An individual referred to as "Individual #1" assisted YOUNG in the operation of the planning and operation of the escort business, and Individual #1 assisted YOUNG in operating the website DCHOTGIRLS. Individual #1 is a coconspirator, but is not charged in this Information.

**The Conspiracy**

5. From at least in or about January 2003, until in or about January 2006, within the District of Columbia and elsewhere, Defendant YOUNG and her coconspirators, including Individual #1, did knowingly combine, conspire, confederate and agree together and with each other, and with others known and unknown , to commit an offense against the United States, that is, to knowingly transport females in interstate commerce, that is, to transport females from locations in Maryland, Virginia, and the District of Columbia to other jurisdictions with the intent that these females engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense in violation of 18 U.S.C. § 2421.

**THE GOAL OF THE CONSPIRACY**

6. It was a goal of the conspiracy for defendant YOUNG and her coconspirators to enrich themselves by transporting females in interstate commerce from and to various jurisdictions, including Maryland, Virginia, and the District of Columbia, so that these females could provide services of a sexual nature and prostitution services to male customers for monetary fees, and remit part of these fees back to defendant YOUNG and her coconspirators.

**Manner and Means Used to Carry Out the Conspiracy**

7. In order to further the objects and goals of the conspiracy, defendant YOUNG and her coconspirators, used the following manner and means, among others:

   a. YOUNG and individual # 1 hired females to work as prostitutes for her escort business.

   b. YOUNG used DCHOTGIRLS in interstate commerce to advertise these prostitutes by displaying their photographs and indicating the types of sexual services that the prostitutes would provide. YOUNG listed her contact information, including YOUNG'S telephone number and e-mail

address, in these advertisements on the website.

 c. YOUNG leased apartments in the District of Columbia and elsewhere to be used as "in call" locations at which sexual services to male clients were provided by YOUNG's female prostitute employees.

 d. YOUNG received 40% of the fees earned by her female prostitute employees for the sexual services that they provided to male customers in exchange for money.

### Overt Acts

 8. From at least in or about January 2003, until in or about January, 2006, within the District of Columbia and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, defendant YOUNG and her coconspirators committed the following overt acts, among others:

 a. On October, 2003, YOUNG paid rent in the amount of $1000 to the "Marina View Apartments" in Washington, D.C. for an "in-call" apartment used exclusively for illegal prostitution services.

 b. On July 8, 2004, YOUNG paid rent in the amount of $1000 to the "Marina View Apartments" in Washington, D.C. for an "in-call" apartment used exclusively for illegal prostitution services.

 c. On September 2, 2004, YOUNG paid rent in the amount of $1000 to the "Marina View Apartments" in Washington, D.C. for an "in-call" apartment used exclusively for illegal prostitution services.

**(Conspiracy, in Violation of Title 18, United States Code, Section 371)**

**COUNT TWO**
**MONEY LAUNDERING**

9. Paragraphs 1 through 4 and 6 through 8 of Count One of this Information are realleged and incorporated by reference as if set forth in full herein.

10. From in or about January 2003, through in or about January 2006, the conspiracy alleged in Count One of this Information was perpetrated in the District of Columbia and elsewhere, resulting in proceeds that were deposited into the Bank of America account held in the name of VDE, and subsequently withdrawn and transferred by YOUNG.

11. On or about May 5, 2004, defendant YOUNG did knowingly conduct a financial transaction affecting interstate commerce, that is, YOUNG paid rent in the amount of $1000 for an "in-call" apartment located at the Marina View Apartments in the District of Columbia with a check drawn on the VDE Bank of America account, which involved the proceeds of specified unlawful activity, that is, a conspiracy to transport females in interstate commerce for purposes of engaging in prostitution, in violation of 18 U.S.C. § 2421, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds

of said specified unlawful activity, and that while conducting such financial transaction, defendant YOUNG knew that the property involved in this financial transaction represented the proceeds of some form of unlawful activity:

**(Money Laundering in Violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i))**

                      Respectfully submitted,

                      KENNETH L. WAINSTEIN
                      UNITED STATES ATTORNEY


By:   _____
        JULIEANNE HIMELSTEIN
        ASSISTANT UNITED STATES ATTORNEY