UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-97(RMC) |
| | : | |
| **CAMILLE YOUNG,** | : | |
| Defendant. | : | (Under Seal) |
| | : | |

### GOVERNMENT'S MOTION TO SEAL PROCEEDINGS, PLEADINGS AND OTHER FILINGS AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to Fed. R. Crim. P.6(e)(4), to place under seal until further order of the Court, the proceedings, pleadings and all other filings in this case, and to delay entry on the public docket of the filing of this motion to seal. In support of this motion, the United States makes the following representations:

1. The defendant has been charged by Information with Conspiracy to Transport Women to Engage in Prostitution and Money Laundering in violation of 18 U.S.C.§§371 and 1956. She has entered into a plea agreement with the United States pursuant to which she has agreed to plead guilty to both offenses. As part of her agreement with the government, the defendant has agreed to cooperate with law enforcement agents and prosecutors in the investigation and prosecution of others involved in the sex trafficking of juveniles and related criminal activities. She is expected to provide information and testimony, including testimony against close associates and co-conspirators in the instant case.

2. Immediate public disclosure of the defendant's cooperation would likely place the personal safety of the defendant, law enforcement agents, and possibly others at risk. In addition,

premature public notice of the defendant's cooperation could alert others who have associated with the defendant in the past in illegal prostitution activities, and who have not yet been arrested, to the likelihood that they are under investigation, thereby resulting in impairment of the investigation, destruction of evidence and/or flight.

3.   In addition, the premature public docketing of the fact that sealed pleadings have been filed may well deny the defendant of all the benefits of the departure provisions of his plea agreement, see 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and more generally frustrate this office's efforts to develop cooperating defendants. As the Court is aware, the statutory and guideline departure provisions afford the Court the opportunity to review a defendant's cooperation and enable the Court to credit the cooperation when imposing sentence.

4.   Accordingly the government submits that under Washington Post v. Robinson, 935 F.2d 282, 289, n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the plea proceedings in this case, this motion and all other pleadings and filings made in connection the plea, but also a delay in the public docketing of the proceedings and the filing of any such matters until: (a) the fact and particulars of the defendant's cooperation must be disclosed, pursuant to the government's legal obligations to counsel for other individuals who may be arrested or prosecuted in the future; (b) the defendant's cooperation becomes known by reason of his testimony in public proceedings; or (c) the government represents that the matters covered by this motion can be made public without substantial risk to the safety of the defendant or others.

5. In order to ensure the safety of the officers, agents and cooperating witnesses and the maximize the success of investigations in which the defendant is cooperating, the government

respectfully requests that the Court grant this motion order that the record be sealed and entries delayed on the public docket as requested herein.

      6. The government further requests that the Court order that the government shall be permitted to request a transcript of the plea proceedings in this case, and that the Court Reporter shall be permitted to prepare such a transcript and provide it to the government, in order that the government may fulfill its obligations to provide copies of the transcript, should the defendant testify in future court proceedings, and that there may be limited lifting of the Court's sealing order to allow the government to comply with noticing and publishing requirements to effectuate any consent order of forfeiture that may be filed as part of this case.

      7. Defendant's counsel, Scott Brisendine, Esquire joins in this motion.

      WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to the Court, the government requests that its motion be granted.

      Respectfully submitted,

      KENNETH L. WAINSTEIN
      United States Attorney
      Bar Number 451058

BY: _____
      JULIEANNE HIMELSTEIN
      Assistant United States Attorney
      Bar Number 417136
      555 4th Street, N.W. Room 4832
      Washington, D.C. 20560
      (202)514-8203

Certificate of Service

_____I hereby certify that I caused copies of the foregoing motion and proposed order to be mailed, first class mail, postage pre-paid this _____day of MAY, 2006, to counsel for the defendant, Scott Brisendine, Esquire, 8001 Braddock rd. Suite 100, Springfield, VA 22151.

_____
Julieanne Himelstein
Assistant United States Attorney