UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Cr No. 06-97 (RMC) |
| | : |
| CAMILLE SHANTELL YOUNG, | : |
| | : |
| Defendant. | : |

**MOTION FOR MODIFICATION OF CONDITION
OF PROBATION AND/OR FOR EARLY TERMINATION OF PROBATION**

Defendant, Camille Shantell Young, respectfully requests that the court, pursuant to 18 U.S.C. §§ 3563(c) & 3564(c), modify and/or terminate her term of probation. This motion is supported by the memorandum below.

**FACTS**

The defendant pleaded guilty on May 19, 2006, to a two-count information, charging conspiracy, 18 U.S.C. § 371, and money laundering, 18 U.S.C. § 1956(a)((1)(A)(i) & (a)(1)(B)(i). On May 20, 2007, the court sentenced Ms. Young to twenty months of probation, including a condition that she be on home detention with electronic monitoring for the entire period of probation. Ms. Young has now completed almost fourteen months of the probation and electronic monitoring.

In a sentencing memorandum filed on May 23, 2007, the court reviewed the circumstances of the case and of Ms. Young's situation, and explained the basis for the probationary sentence. The court is thus well aware of Ms. Young's family circumstances, which include her having three children, a 15-year old autistic boy, a 12-year old epileptic daughter, and a 15-month old daughter.

Ms. Young, with the permission of her probation officer, is traveling to Louisville, Kentucky on June 21st. Her boyfriend, who works for AT&T, has accepted a job there, and plans to live there with Ms. Young and the children. His new position is a good one, and Ms. Young is hopeful that the move to Kentucky will be better for her children, allow her a new start, and will be more affordable. Ms. Young's house has been foreclosed on, which is also a major motivation for the move from the D.C. area.

Ms. Young will have to be doing all the tasks associated with moving to a new locale, as well as arranging for medical appointments for her two older children, and taking them to the numerous appointments. She also hopes to work part-time.

Undersigned counsel[1] has spoken with Danny Thomas, Ms. Young's probation officer. Mr. Thomas indicated that Ms. Young is in full compliance with the terms of her probation, and has been in full compliance the entire time. He also indicated that the Probation Office does not take a position on motions such as the present one.

Ms. Young's probation is scheduled to expire in January 2009. For the above reasons, she respectfully requests that the court either modify her term of probation to remove the home detention/electronic monitoring condition, and, alternatively to terminate her term of probation.

**DISCUSSION**

Under 18 U.S.C. § 3563(c), the "court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of

---

[1] Ms. Young was represented by retained counsel, but can no longer afford to pay her counsel to file this motion. Thus, the office of the Federal Public Defender is filing the motion for her.

the term of probation."[2]  Under § 3564(c), the court "may terminate a term of probation . . . and discharge a defendant at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."

Ms. Young is seeking the removal of the home detention/electronic monitoring condition of probation so that she can accomplish everything that needs to be done in connection with her family's move, especially taking her children where they need to go. In addition, she hopes to work part-time.  Ms. Young's conduct while on probation also gives the court ample reason simply to terminate her probation, which only has about six months left in any event.

Indeed, as two attached memoranda show, early termination of probation in cases such as that of Ms. Young is encouraged.  An October 30, 2002 memorandum from the Administrative Office of the U.S. Courts to all chief probation officers states:

> In general, the Committee on Criminal Law believes that when the conditions of supervision have been met, and the offender has successfully reintegrated into the community and does not pose a foreseeable risk to public safety in general or to any individual third-party, the probation office should request the court to consider early termination.  Of course, the decision to terminate supervision early will be made by the sentencing judge.

Ms. Young clearly satisfies al least eight of the nine of criteria listed in the memorandum.[3]  In a September 23, 2005, memorandum from the Committee on Criminal Law of the Judicial Conference, Judge Sim Lake, then-chair of the Committee

---

[2] Fed. R. Crim. P. 32.1(c)(1)(2)(A) allows the court to modify the conditions of probation without a hearing if the "relief sought is favorable to the person and does not extend the term of probation."

[3] Ms. Young did receive an aggravating role enhancement, but the offense was not a large drug or fraud offense.

wrote:

> I am also pleased to report the judges have continued to support the Committee's previous effort to manage growth in the number of offenders under supervision and to eliminate post-conviction supervision for stable, low-risk offenders for whom early termination is warranted. The early termination initiative was undertaken because of projected increases in the number of offenders being released from prison to the supervision of probation officers. By closing stable, low-risk cases courts have moderated the impact of the projected increases in new cases received and have held reduce the projected need to hire new officers. As depicted in the graph below, the number of offenders terminated early has more than doubled since 2001.

Early termination of Ms. Young's supervised release is "warranted by the conduct of the defendant and the interest of justice," under § 3564(c), and is also consistent with the two memoranda, as she is a "stable, low-risk offender [ ]."

## CONCLUSIONS

For all the reasons discussed above, Ms. Young respectfully requests that the court either remove the home detention/electronic monitoring condition of her probation, or simply terminate her probation.[4]

Respectfully submitted,

"/s/"
A.J. KRAMER
FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, NW
Suite 550
Washington, DC  20004
(202) 208-7500

---

[4] Proposed orders for each alternative accompany this motion.