

| | | |
|---|---|---|
| LEONIDAS RALPH MECHAM<br>Director | ADMINISTRATIVE OFFICE OF THE<br>UNITED STATES COURTS | JOHN M. HUGHES<br>Assistant Director |
| CLARENCE A. LEE, JR.<br>Associate Director | WASHINGTON, D.C. 20544 | Office of Probation<br>and Pretrial Services |

October 30, 2002

**MEMORANDUM TO ALL CHIEF PROBATION OFFICERS**

**SUBJECT:** New Criteria for Assessing Early Termination of Supervision
                 (**IMPORTANT INFORMATION**)

     Revised criteria to assist officers identify offenders who may qualify for early termination were just approved by the Judicial Conference Committee on Criminal Law by mail ballot and are attached for your information. These criteria were mentioned in a memorandum that Judge William W. Wilkins sent to all judges on October 29 concerning long-range initiatives and recommendations. The criteria will be included in the revised Monograph 109, *Supervision of Federal Offenders*, which will be presented to the Committee at its December 2002 meeting and may be presented to the Judicial Conference at its March 2003 meeting. The criteria are made available now so that officers may begin to identify suitable cases immediately.

     Pursuant to 18 U.S.C. §§ 3564(c) and 3583(e)(1), courts are permitted to terminate probation in misdemeanor cases at any time and to terminate supervised release or probation in felony cases after one year, if such action is warranted. To date, there has been nothing in our national supervision policies to encourage officers to assess the suitability of offenders for early termination of supervision as soon as they are statutorily eligible. The action by the Committee on Criminal Law to create criteria is intended to foster such assessments in a systematic way.

     In general, the Committee on Criminal Law believes that when the conditions of supervision have been met, and the offender has successfully reintegrated into the community and does not pose a foreseeable risk to public safety in general or to any individual third-party, the probation officer should request the court to consider early termination. Of course, the decision to terminate supervision early will be made by the sentencing judge.

---

New Criteria for Assessing Early Termination of Supervision                               2

      Chiefs are encouraged to share the revised criteria with officers and to begin the process of identifying qualified cases as soon as possible. Questions concerning the criteria may be directed to Barbara Meierhoefer at 202/502-1663, or you may email her at *Barbara Meierhoefer/DCA/AO/USCOURTS*.

John M. Hughes

Attachment

cc:    Chief Pretrial Services Officers

**Criteria for Probation Officers Assessing Early Termination for Offenders**

Title 18 U.S.C. §§ 3564(c) and 3583(e)(1) permit the court to terminate terms of probation in misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year of supervision if satisfied that such action is warranted by the conduct of an offender and is in the interest of justice.

Officers are requested to consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are listed below. Offenders with identifiable risks (see number 8 and 9) should not be considered for early termination. However, the failure to meet other criteria listed below should not automatically exclude an offender from further consideration. The appropriateness of early termination should be based on the offender's overall progress in meeting supervision objectives and should include an evaluation of all the circumstances in the individual case.

1. stable community reintegration (e.g., residence, family, employment);
2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
6. no recent evidence of alcohol or drug abuse;
7. no recent psychiatric episodes;
8. no identifiable risk to the safety of any identifiable victim; and
9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Early termination assessments should be staffed with the supervisor as part of the periodic evaluation process. A request to the court for early termination consideration should include a summary of the offender's adjustment under supervision, along with justification for the request for early termination which is supported by the chronological record. The request should also include options for the court to revisit the offender's early termination at a later time. Should the court order the termination of an offender's supervision, the case should be statistically closed immediately. Otherwise, until the next case evaluation, supervision should continue at an appropriate level of intensity, probably consisting of the review of written monthly reports, verification of payment of any outstanding financial penalties, criminal record checks, and follow-up on any reported changes in circumstances.