

COMMITTEE ON CRIMINAL LAW
of the
JUDICIAL CONFERENCE OF THE UNITED STATES
9535 Bob Casey United States Courthouse
515 Rusk Avenue
Houston, Texas 77002

Honorable Donetta W. Ambrose
Honorable William F. Downes
Honorable Richard A. Enslen
Honorable Jose Antonio Fuste
Honorable David F. Hamilton
Honorable Henry M. Herlong, Jr.
Honorable James B. Loken
Honorable William T. Moore, Jr.
Honorable Norman A. Mordue
Honorable Wm. Fremming Nielsen
Honorable Thomas J. Rueter
Honorable Emmet G. Sullivan

Honorable Sim Lake, Chair

TELEPHONE
(713) 250-5177

FACSIMILE
(713) 250-5010

September 23, 2005

**MEMORANDUM TO:   JUDGES, UNITED STATES DISTRICT COURTS
UNITED STATES MAGISTRATE JUDGES**

**SUBJECT:**   Cost-Containment Initiatives by the Committee on Criminal Law

  On behalf of the Judicial Conference Committee on Criminal Law, I write to report on several Committee initiatives to reduce workload growth in the federal probation and pretrial services system. These initiatives were undertaken in response to a request from the Executive Committee and are part of the judiciary's overall effort, as described in *Cost-Containment Strategy for the Federal Judiciary: 2005 and Beyond*, a report by the Executive Committee issued on August 12, 2004, and approved by the Judicial Conference at its September 2004 meeting.

  The Criminal Law Committee has broad jurisdiction over the probation and pretrial services program and makes recommendations to the Judicial Conference concerning policies and standards for pretrial services, presentence investigations, and the supervision of offenders, including treatment services. This broad jurisdiction has permitted the Committee to approach cost containment from a policy perspective and to set funding priorities that take into account the overall fiscal situation of the judiciary, while still supporting the critical mission of probation and pretrial services to serve the courts and protect the community.

  The Committee's general approach to cost-containment has been to avoid across-the-board reductions and instead to attempt to allocate resources strategically; that is, to target resources to ensure that they are directed at critical, mission-driven work. Consistent with this approach, the changes the system has made in recent months to cut costs have focused on reducing or eliminating staffing credit for work on certain types of cases — specifically, those involving:

Cost-Containment Initiatives by the Committee on Criminal Law                                2

- the least serious charges,
- investigations that are the least complex or influential with respect to pretrial release and sentencing decisions,
- supervision of defendants and offenders posing the least risk.

For example, the Committee reasoned that work associated with infractions and low-level misdemeanors is a lower priority than work on felony cases and should thus receive fewer staffing resources. Also, lower-risk felony cases should receive fewer resources than higher-risk cases.

To implement the targeted approach the Committee recommended several specific policy changes that have been approved by the Judicial Conference and incorporated in the various monographs used by probation and pretrial services officers.[1] For example, the investigation and supervision program requirements no longer apply to infraction cases (where the most serious offense carries a maximum penalty of no more than five days in custody) and have been reduced for those misdemeanors that carry a maximum penalty of no more than six months. Pretrial services investigation requirements have been reduced for cases involving illegal aliens and defendants in custody in other jurisdictions appearing on writs—defendants who are highly unlikely to be released on federal bond. The post-conviction supervision monograph now includes low-intensity supervision standards for lower-risk offenders, and a similar change has been recommended for pretrial services supervision policies.

The Committee also recommended, and the Executive Committee last year adopted, a spending cap on funds available for the "law enforcement" account, which includes substance abuse testing and treatment, pretrial services alternatives to detention, mental health treatment, electronic monitoring, and travel related to the supervision of offenders. That cap was intended to limit funding available in fiscal years 2005 and 2006 to the level that had been available in fiscal year 2004. I am pleased to report that chief probation and pretrial services officers have prioritized their law-enforcement needs, identifying more efficient methods to get the work done and operating well within the spending cap.

I also am pleased to report that judges have continued to support the Committee's previous effort to manage growth in the number of offenders under supervision and to eliminate post-conviction supervision for stable, low-risk offenders for whom early termination is warranted. The early termination initiative was undertaken because of projected increases in the number of offenders being released from prison to the supervision of probation officers. By closing stable, low-risk cases courts have moderated the impact of the projected increases in new cases received and have helped reduce the projected need to hire new officers. As depicted in the graph below, the number of offenders terminated early has more than doubled since 2001.

---

[1] *The Presentence Investigation Report* (Monograph 107), *The Supervision of Federal Offenders* (Monograph 109), and *The Pretrial Services Investigation and Report* (Monograph 112).

Cost-Containment Initiatives by the Committee on Criminal Law                                    3



| | 1995 | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 |
|---|---|---|---|---|---|---|---|---|---|---|
| Number | 4,214 | 4,061 | 3,875 | 3,668 | 3,524 | 3,422 | 3,222 | 3,458 | 5,217 | 7,057 |
| Percent* | 16.4% | 15.1% | 14.7% | 14.3% | 13.3% | 12.8% | 11.5% | 11.8% | 16.6% | 20.5% |

**Fiscal Year**

*Of Successful Terminations

On behalf of all the members of the Committee, I would like to commend the federal probation and pretrial services system for remaining strong yet flexible during this time of severe budget constraints. Chief probation and pretrial services officers have been at the forefront of the effort to slow growth and contain costs. System wide, they have taken steps to prioritize the work done by their officers. It has not been easy, but chiefs have been proactive in positioning their resources in a manner that will allow them to continue to provide high quality pretrial services and presentence reports and to supervise those defendants and offenders who pose serious public safety risks.

If you have any questions, please contact Assistant Director John M. Hughes, Office of Probation and Pretrial Services, Administrative Office of the United States Courts, at 202-502-1610 or by email at John_Hughes@ao.uscourts.gov.

Sim Lake